FILED & ENTERED

JUL 26 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Emile Barrak,<br>           Debtor. | Case No.:  2:12-bk-10123-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION DENYING MOTION FOR RECONSIDERATION**<br><br>**[RELATES TO DOC. NOS. 45–47]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

  Emile Barrak (the "Debtor") moves for reconsideration (the "Motion for Reconsideration")[1] of the order denying the Debtor's motion to avoid a lien held by LBS Financial Credit Union ("LBS"). Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds the Motion for Reconsideration to be suitable for disposition without oral argument. For the reasons set forth below, the Motion for Reconsideration is **DENIED**.

## I. Background

  The Debtor filed a voluntary Chapter 7 petition on January 3, 2012 (the "Petition Date"),[3] and received a discharge on April 11, 2012.[4] As of the Petition Date, the Debtor did *not* own real

---

[1] Doc. Nos. 45–47.
[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.
[3] Doc. No. 1.
[4] Doc. No. 16.

property located at 38925 10th St. West, Palmdale, CA 93551 (the "Property").[5] Debtor did not acquire the Property until May 31, 2013,[6] approximately one year after the Debtor had received a discharge and the Debtor's case had been closed.

On May 7, 2014, LBS obtained a judgment against the Debtor in the Los Angeles Superior Court (the "Judgment").[7] The Judgment ordered the Debtor to turn over to LBS a 2005 BMW 645 (the "Vehicle"). As an alternative to turning over the Vehicle, the Judgment ordered the Debtor to pay LBS $17,000.

On December 24, 2020, LBS obtained a judgment lien against the Property (the "Judgment Lien") by recording an abstract of the Judgment.[8] On November 15, 2021, the Court denied the Debtor's motion to avoid the Judgment Lien.[9] The Debtor subsequently sought to avoid the Judgment Lien under § 522(f). The Court found that the Debtor was not entitled to avoid the Judgment Lien because he did not own the Property as of the Petition Date.[10]

The Debtor seeks reconsideration of the order denying his motion to avoid the Judgment Lien. He argues that the Judgment is invalid, and that the Judgment Lien is therefore unenforceable, because a prior judgment ordering that title to the Vehicle be transferred to the Debtor was entered in 2011.

## II. Findings and Conclusions

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").[11]

---

[5] Declaration of Emile Barrak in Support of Lien Removal Under 11 U.S.C. § 522(f) [Doc. No. 32] at ¶ 5.

[6] Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) [Doc. No. 32] at ¶ 8.

[7] Doc. No. 35, Ex. A.

[8] Doc. No. 35, Ex. B.

[9] Doc. No. 42 (order denying Debtor's lien avoidance motion) and Doc. No. 41 (ruling setting forth the reasons for the denial of the lien avoidance motion).

[10] Doc. No. 41 at 3–4.

[11] A motion for reconsideration filed within fourteen days after entry of the order is governed by Civil Rule 59; a motion for reconsideration filed more than fourteen days after entry of the order is governed by Civil Rule 60(b). *In re Negrete*, 183 B.R. at 197. The Motion for Reconsideration was filed more than fourteen days after entry of the order and is therefore governed by Rule 60(b). The Court notes that certain of the cases cited above—*Carroll*, *In re Greco*, and *In re Mannie*—deal with motions for reconsideration brought under Civil Rule 59, not Civil Rule 60(b). Nonetheless, the holdings of these cases apply with equal force to a motion for reconsideration governed by Civil Rule 60(b). *See In re Negrete*, 183 B.R. at 197 (applying in the context of a Civil Rule 60(b) motion the legal standards articulated in cases decided under Civil Rule 59).

The Debtor did not present his arguments regarding the alleged invalidity of the Judgment to the Court in connection with the original motion to avoid the Judgment Lien. It is not appropriate for the Debtor to present new arguments in a Motion for Reconsideration that could have been raised in the original motion. That alone is sufficient cause for denying the Motion for Reconsideration. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").[12]

Even if the Court were to overlook the Debtor's failure to timely raise the issue, his arguments regarding the alleged invalidity of the Judgment are without merit. Under the *Rooker-Feldman* doctrine, the Court has "no authority to review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir.1986). In seeking avoidance of the Judgment Lien on the ground that the underlying Judgment is invalid, the Debtor asks this Court to review the final determination of the State Court that entered the Judgment. The *Rooker-Feldman* doctrine prevents the Court from granting the Debtor such relief.

The Debtor's attempt to avoid the Judgment Lien is also fatally flawed because the Debtor did not own the Property as of the Petition Date. The statute governing lien avoidance, § 522(f)(1)(A), provides in relevant part: "[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is a judicial lien." "Under the so-called 'snapshot' rule, bankruptcy exemptions are fixed at the time of the bankruptcy petition." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1199 (9th Cir. 2012); *see also Wolf v. Salven (In re Wolf)*, 248 B.R. 365, 367 (B.A.P. 9th Cir. 2000) ("Like the Code, case law makes it clear that a debtor's exemption rights are determined as of the date of the petition."). Because the Debtor did not own the Property as of the Petition Date, he is not entitled to claim an exemption in the Property, and is therefore not entitled to avoid the Judgment Lien against the Property on the ground that the Judgment Lien impairs his exemption.

This principle is illustrated by *Owen v. Owen*, in which the Supreme Court stated:

> Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted.

*Owen v. Owen*, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835, 114 L. Ed. 2d 350 (1991).

Section 541(a) provides that the estate "is comprised of … all legal or equitable interests of the debtor in property *as of the commencement of the case*" (emphasis added). The Property does not constitute property of the estate because the Debtor did not acquire the Property until after the Petition Date. Consequently, the Property is "an interest that is not possessed by the estate

---

[12] Although *Kona Enterprises* dealt with a motion for reconsideration brought under Civil Rule 59(e), rather than Civil Rule 60(b), its holding applies to the instant Motion for Reconsideration (which is governed by Civil Rule 60(b)) for the reasons set forth in footnote 11, above.

[that] cannot be exempted." *Owen*, 500 U.S. at 308. Consequently, the Judgment Lien is not subject to avoidance under § 522(f) on the ground that it impairs the Debtor's exemptions.

### III. Conclusion

Based upon the foregoing, the Motion for Reconsideration is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: July 26, 2022

Ernest M. Robles
United States Bankruptcy Judge